UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FABRICE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26CV769 HEA |
| | ) | |
| ST. LOUIS COUNTY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**<u>OPINION, MEMORANDUM, AND ORDER</u>**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 9]. Plaintiff has filed an opposition to the Motion. For the reasons set forth below, the Motion will be granted.

**Background**

Plaintiff filed a *pro se* Petition for Declaratory Judgment in the 21st Judicial Circuit Court for the State of Missouri claiming he is "in the custody of Defendants as a pre-trial detaining and has been subject to wanton and unnecessary infliction of pain in violation of his Eight Amendment rights". Specifically, Plaintiff claims in his Petition that inmates are housed in isolation for disciplinary actions and are afforded a one hour slot from cell confinement. Plaintiff asserts he has sought mental health counseling due to excessive cell confinement, which has not been provided.

Plaintiff alleges Defendant Coleman in her official capacity as "Director" has the duty to make sure the staffing levels at the St. Louis County Justice Center are sufficient to prevent any deprivation of rights relating to its inmate residents.

Regarding the St. Louis Justice Center, Plaintiff alleges it is superior to the Director and has the obligation to make sure the proper person is employed to carry out its functions according to the constitution and the laws of the State of Missouri.

Defendants move to dismiss for failure to state a claim.

**Legal Standard**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief... to give the defendant fair notice of...the claim...and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations omitted); Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter...to 'state a claim to relief that is plausible on its face,' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted), and "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v.*

*MasterCard Int'l, Inc*., 21 F.4th 1019, 1024 (8th Cir. 2022) (citing *Twombly*, 550 U.S. at 555). The issue is not whether the plaintiff will prevail, but whether he is "entitled to present evidence in support of his claim." *Id*.

When analyzing a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Brokken v. Hennepin Cnty*., 140 F.4th 445, 450 (8th Cir. 2025). The Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (internal citations omitted). The Court's analysis is context specific and "requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009).

**Discussion**

Defendant has advised the Court that Plaintiff is no longer housed in the St. Louis County Justice Center. Indeed, the Court's independent research has established that Plaintiff is currently housed in the Federal Correctional Institution in Terre Haute, Indiana, with a projected released date of June 22, 2030. https://www.bop.gov/inmateloc/ (Last visited October 27, 2026). Based on this transfer, Plaintiff's claims for declaratory and injunctive relief are moot.

> "A federal court lacks subject-matter jurisdiction if a claim becomes moot." *Dalton v. JJSC Props., LLC*, 967 F.3d 909, 913 (8th Cir. 2020). And a claim "becomes moot when the court can no longer grant any effectual relief to a

> prevailing party due to a change in circumstances." *In re Gretter Autoland, Inc.*, 864 F.3d 888, 891 (8th Cir. 2017).
>
> * * * * * * * * * *
>
> "[A]n inmate's claims for declaratory and injunctive relief to improve prison conditions [a]re moot when he [i]s transferred to another facility and [i]s no longer subject to those conditions." *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). But a transfer does not moot claims for prospective relief when the disputed conditions persist at the new prison and the inmate has sued prison officials whose authority extends there. *See Randolph v. Rodgers*, 170 F.3d 850, 856–57 (8th Cir. 1999). "The 'heavy' burden of proving mootness falls on the" prison officials asserting that a transfer has mooted a prisoner's claims. *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). And because mootness is a claim-specific inquiry, the prison officials must bear this burden with respect to each claim that they assert is moot. *See Powell v. McCormack*, 395 U.S. 486, 497, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Hamby v. Iowa*, 185 F.4th 816, 826 (8th Cir. 2026).

Because Plaintiff has been transferred to a federal facility, the actions of the state actors can no longer be challenged. Although Plaintiff claims he can still be subject to the same kind of treatment if he eventually is transferred back into state custody, this claim is speculative and fails to present a concrete case or controversy at this time. While such claims are not moot when "the disputed conditions persist at the new prison and the inmate has sued prison officials whose authority extends there," *Hamby*, 2026 WL 2223865, at *5, nothing suggests those conditions persist at the new jail.

## Conclusion

Because Plaintiff's claim is moot, this Court lacks subject-matter jurisdiction. *Hamby*, 2026 WL 2223865, at *5 ("A federal court lacks subject-matter jurisdiction if a claim becomes moot."). Lack of subject-matter jurisdiction, including by mootness, is an issue the Court can raise *sua sponte*. *Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 863 (8th Cir. 2024). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court therefore will dismiss this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion, [Doc. No. 9], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **DISMISSED.**

An appropriate Order of Dismissal is entered this same date.

Dated this 28th day of October, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE